IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Swan Transportation Company | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-00111-GMS |

STATUS REPORT

TO THE HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE:

   The Swan Asbestos and Silica Settlement Trust (the "Trust") and Reorganized Swan respectfully submit this Status Report in response to the Court's Order entered June 23, 2009, as follows[1]:

Background

   1. On December 20, 2001 (the "Petition Date"), Swan Transportation Company (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and continued in the management of its business and possession of its property as debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

---

[1] Unless otherwise specified, all capitalized terms used herein are defined in the Glossary of Terms for the Plan, Disclosure Statement, and Plan Documents (Incorporated into the Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code for Swan Transportation Company).

::ODMA\PCDOCS\WALMONMON_LIB\71850\1

2. On December 9, 2002, a hearing was held to consider confirmation of the Amended Plan of Reorganization Under Chapter 11 of the United States Code for Swan Transportation Company (the "Plan") (the "Confirmation Hearing").

3. The Order Confirming the Plan of Reorganization for Swan Transportation Company (the "Confirmation Order") was signed by the Bankruptcy Court on May 30, 2003 and was signed by The Honorable Judge Alfred M. Wolin, United States District Judge in the District of New Jersey sitting in the United States District Court for the District of Delaware by Special Designation and Order of the United States Court of Appeals for the Third Circuit (the "District Court"), on July 21, 2003.

4. Pursuant to the Plan, this Court and the District Court approved certain settlements between the Debtor and its insurance carriers (the "Insurance Settlement Agreements"). See Confirmation Order at 20-26, ¶¶ 60-64.

5. Pursuant to the Plan, proceeds received pursuant to Insurance Settlement Agreements shall be transferred to the Swan Asbestos and Silica Settlement Trust (the "Trust") established under the Plan to direct the liquidation, resolution, payment, and satisfaction of all Unsecured Claims (including Tort Claims) pursuant to the Plan Documents. See Plan at Articles 4.1 and 8.1.

6. Pursuant to the Plan, this Court and the Bankruptcy Court also issued the Channeling Injunction (Settling Insurers) to permanently stay, restrain and enjoin claims against the Settling Insurance Companies based upon, relating to, or arising out of, or in any way connected with Swan, the Tyler Pipe Foundry, TYI of

Texas, Inc., Tyler Sand Company, or TC's involvement with, or ownership, supervision or control of the Tyler Pipe Foundry or any insurance coverage that may apply to such claims. See Confirmation Order at 13-15.[2]

7. On September 23, 2003, the Official Committee of Unsecured Creditors filed a Motion to Correct Scrivener's Errors in the Order Confirming the Plan of Reorganization for Swan Transportation Company and to Make Non-Material Modification to the Plan to Comply with Internal Revenue Service Request. See Docket No. 509.

8. The Order Granting Motion to Correct Scrivener's Error in the Order Confirming the Plan of Reorganization for Swan Transportation Company and to Make Non-Material Modifications to the Plan was signed by the Bankruptcy Court on November 17, 2003 and entered on the November 20, 2003. See Docket No. 545.

9. The Order Granting Motion to Correct Scrivener's Error in the Order Confirming the Plan of Reorganization for Swan Transportation Company and to Make Non-Material Modifications to the Plan signed by this Court was entered on the December 11, 2003. See Docket No. 556.

10. The Trust has been established in accordance with the Trust Documents. See Confirmation Order at 7, ¶ 17. Each Trustee now is deemed to be

---

[2] 11 U.S.C. § 524(g)(3)(A) provides that an order confirming a plan of reorganization that issues an injunction that is implemented in connection with a trust that, pursuant to a plan of reorganization, is to assume the liabilities of a debtor which has been named as a defendant in personal injury, wrongful death, or property-damage actions seeking recovery for damages allegedly caused by the presence of, or exposure to, asbestos or asbestos-containing products must be "issued or affirmed by the district court that has jurisdiction over the reorganization case . . . ." Because the Trust assumed such liabilities the channeling injunctions issued in the Confirmation Order had to be affirmed by this Court.

3

a "party in interest" within the meaning of Section 1109(b) of the Bankruptcy Code. See Confirmation Order at 8, ¶ 21.

11.     Pursuant to the Plan, on the Effective Date, all Trust Assets were transferred, vested in and assumed by the Trust. See Confirmation Order at 7, ¶ 17.

12.     The Trust Assets include 100% of the common stock of Swan Transportation Company. See Glossary of Terms for the Plan, Disclosure Statement, and Plan Documents, Exhibit "1" to the Plan at 9-10. Accordingly, on and after the Effective Date, the Trust owned and continues to own Swan Transportation Company ("Reorganized Swan").

<u>The Settlement with the AIG-Member Companies</u>

13.     After the Effective Date, the Trust and Reorganized Swan settled their coverage dispute with the AIG-Member Companies. In exchange for payment by the AIG-Member Companies to the Trust, the Trust and Reorganized Swan moved to approve the settlement agreement with the AIG-Member Companies and to partially withdraw the reference to afford the AIG-Member Companies the protections of the Channeling Injunction (Settling Insurers). See Motion Pursuant to Federal Rule of Bankruptcy 9019 for Approval of Settlement Between the Swan Asbestos and Silica Settlement Trust, Reorganized Swan and the AIG-Member Companies and to Partially Withdraw the Reference to Afford the AIG-Member Companies the Protections of the Channeling Injunction (Settling Insurers).[3]

---

[3] 11 U.S.C. § 524(g)(2)(A) provides that "any proceeding that involves the validity, application, construction, or modification of such [channeling] injunction must be brought in the district court

14. The order approving the settlement agreement with the AIG-Member Companies and modifying the Channeling Injunction (Settling Insurers) was signed by the Bankruptcy Court and this Court on February 10, 2005.[4] See Amending Order Granting Motion Pursuant to Federal Rule of Bankruptcy 9019 for Approval of Settlement Between Tyler, the Swan Asbestos and Silica Settlement Trust, Reorganized Swan and the AIG-Member Companies and to Partially Withdraw the Reference to Afford the AIG-Member Companies the Protections of the Channeling Injunction (Settling Insurers) (the "Amending Order").[5]

15. When the Amending Order was entered, the reference was partially withdrawn and assigned the above-referenced civil case number in this Court.

### The Subsequent Settlement with Federal Insurance Company

16. Subsequently, the Trust and Reorganized Swan settled certain coverage disputes with Federal Insurance Company. Because the settlement provides for payment by Federal Insurance Company to the Trust, the Trust and Reorganized Swan moved to approve the settlement agreement with Federal Insurance Company and to partially withdraw the reference to afford Federal Insurance Company the protections of the Channeling Injunction (Settling

---

that entered such injunction. Accordingly, partial withdrawal of the reference was necessary for this Court to modify the Channeling Injunction (Settling Insurers) to afford the AIG-Member Companies the protections of that injunction.

[4] The order was signed by the Honorable Sue L. Robinson.

[5] Because an incorrect order was inadvertently entered by the Bankruptcy Court, the Trust and Reorganized Swan moved to alter or amend that order. See Motion Under Bankruptcy Rule 9023 to Amend or Alter Order to Correct Scrivener's Errors in the Order Granting Motion Pursuant to Federal Rules of Bankruptcy Procedure 9019 filed January 13, 2005 (the õMotion to Amendö). The Amending Order was entered pursuant to the Motion to Amend.

Insurers). See Motion Pursuant to Federal Rule of Bankruptcy 9019 for Approval of Settlement Between the Swan Asbestos and Silica Settlement Trust, Reorganized Swan and Federal Insurance Company and to Partially Withdraw the Reference to Afford Federal Insurance Company the Protections of the Channeling Injunction (Settling Insurers) filed June 21, 2005 (the "Federal Insurance Motion"). The deadline for objections to the Federal Insurance Motion was July 11, 2005. No objections were filed and the Trust and Reorganized Swan filed a Certificate of No Objection on July 14, 2005.

17. The settlement with Federal Insurance Company provided additional funding to the Trust. The Trust and Reorganized Swan supported approval of the settlement with Federal Insurance Company and modification of the Channeling Injunction (Settling Insurers) to include Federal Insurance Company as a Settling Insurer.

18. The order approving the settlement with Federal Insurance Company was signed by the Bankruptcy Court on August 29, 2005. The order approving the settlement agreement with Federal Insurance Company and modifying the Channeling Injunction (Settling Insurers) to include Federal Insurance Company as a Settling Insurer was signed by this Court on September 1, 2005. See Order Granting Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Approval of Settlement Between Tyler, the Swan Asbestos and Silica Settlement Trust, Reorganized Swan and Federal Insurance Company and to Partially Withdraw the Reference to Afford Federal Insurance Company the Protections of

the Channeling Injunction (Settling Insurers).[6]

Negotiations and/or Litigation Continue with Other Insurance Companies

19. At the time of the last Status Report, filed August 14, 2008, the Trust and Reorganized Swan reported that they were in negotiations with four additional insurance companies to resolve coverage disputes with those insurance companies.

20. Two of those insurance companies are in liquidation and the other two insurance companies are in rehabilitation.

21. The Trust and Reorganized Swan believe that they have made significant progress toward resolving the coverage disputes with those four insurance companies. However, at this time none of those disputes has been resolved.

22. If any of those coverage disputes are resolved, the settlements with the settling insurance companies could include modification of the Channeling Injunction (Settling Insurers) to afford those insurance companies the protections of that injunction. Any modification of the Channeling Injunction (Settling Insurers) must be approved by this Court.

---

[6] The order was signed by the Honorable Sue L. Robinson.

7

Recommendation to Keep Case Open

23. For the foregoing reasons, the Trust and Reorganized Swan respectfully request that, if the Court deems it appropriate, the above-captioned and numbered case be kept open to partially withdraw the reference to modify the Channeling Injunction (Settling Insurers) to include additional insurance companies as Settling Insurers.

Dated:   July 15, 2009
         Wilmington, Delaware

Respectfully submitted by:

MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.

/s/ Rachel B. Mersky
Rachel B. Mersky (DE #2049)
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
Telephone:   (302) 656-8162
Telecopier:  (302) 656-2769

-and-

STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A Professional Corporation
Sander L. Esserman
TX State Bar No. 06671500
2323 Bryan Street
Suite 2200
Dallas, Texas 75201-2689
Telephone: (214) 969-4900
Telecopier: (214) 969-4999

Co-Counsel for the Swan Asbestos and Silica Settlement Trust and Swan Transportation Company (Reorganiz**ed Swan)**